INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 02CR00134

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 03-4109

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
MAR 21 2006
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff-Appellee*, | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE SOUTHERN |
| v. | ) DISTRICT OF OHIO |
| | ) |
| MATTHEW MOYE, | ) OPINION |
| *Defendant-Appellant*. | |

BEFORE:   COLE, GIBBONS, and ROGERS, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.** Defendant-Appellant, Matthew Moye, pleaded guilty to possession with intent to distribute a controlled substance and possession of a firearm in relation to a drug-trafficking offense. Moye was sentenced to 188 months on the controlled substance count and 60 months on the drug trafficking count, to be served consecutively. The only issue on appeal is whether this Court should remand for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). For the reasons that follow, we **VACATE** Moye's sentence and **REMAND** for resentencing.

I.

On September 18, 2002, Moye was indicted on three counts: 1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("count 1"); 2) possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) ("count 2"); and 3) carrying a firearm during a drug-trafficking offense in violation of 18 U.S.C. §

*No. 03-4109*
*United States v. Moye*

924 (c)(1) ("count 3"). Pursuant to a negotiated plea agreement, on April 25, 2003, the government dismissed count 1 and Moye pleaded guilty to counts 2 and 3. Moye does not challenge his underlying convictions.

On August 14, 2003, the district court held a sentencing hearing. At that hearing, the court, operating under the then-controlling law that assumed the United States Sentencing Guidelines were mandatory, sentenced Moye to 188 months on count 2 and 60 months on count 3, to be served consecutively.

While the plea agreement indicated that Moye understood that the Sentencing Guidelines controlled his sentence, Moye did not waive his right to appeal the sentence. In fact, the district court specifically informed Moye of his right to appeal the sentence.

## II.

Moye was sentenced prior to the issuance of the Supreme Court's decision in *Booker*.[1] While Moye's appeal was pending, the Supreme Court decided *Booker*, which held that the Sentencing Guidelines ("Guidelines") were henceforth advisory, rather than mandatory. *Booker*, 543 U.S. at 263–64. The Court further held that, under a mandatory sentencing scheme, the Sixth Amendment prohibits judge-found facts from being used to enhance a sentence. *Id.* at 244. Finally, the Court held that *Booker*'s holding applied to all cases pending on direct appeal. *Id.* at 267–68. Moye challenges his sentence under both *Booker* holdings: 1) that it was plain error for the district court

---

[1] In fact, Moye was sentenced before *Blakely v. Washington*, 542 U.S. 296 (2004), which initially cast doubt on the constitutionality of the mandatory nature of the federal sentencing guidelines while examining Washington's sentencing scheme.

*No. 03-4109*
*United States v. Moye*

to sentence him under the assumption that the Sentencing Guidelines were mandatory; and 2) that his sentence was enhanced in violation of the Sixth Amendment because the judge, not a jury, found that he was a career criminal.

### III.

Booker did not hold that all cases in which a party is appealing a sentence must be remanded. Rather, the Supreme Court advised circuit courts to "apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test." *Id.* at 268. Because Moye did not object to the use of the Sentencing Guidelines, we review his sentence fo plain error. *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005). In this circuit, there is plain error if the "sentencing court failed to treat the Sentencing Guidelines as advisory." *Id.* at 527. This Court presumes prejudice "given the distinct possibility that the district court would have imposed a lower sentence under the new post-*Booker* framework . . . ." *Id.* at 529. This is especially true because it is "exceedingly difficult for a defendant . . . to show that his sentence would have been different if the district court had sentenced him under the advisory, rather than the mandatory, Guidelines framework." *Id.* at 528. *See also United States v. Savoires*, 430 F.3d 376, 382 (6th Cir. 2005) (under *Booker*, resentencing warranted when district court sentences under a mandatory scheme); *United States v. Owens*, 426 F.3d 800, 809 (6th Cir. 2005) ("[T]he United States Sentencing Guidelines are no longer mandatory, but advisory. The district court therefore erred in sentencing . . . under a mandatory scheme."); *United States v. Navarro-Diaz*, 420 F.3d 581, 589 (6th Cir. 2005) (remand for resentencing proper when district court sentenced under a mandatory scheme).

The district judge believed the Guidelines were mandatory when sentencing Moye.[2] First, the court indicated that the Sentencing Guidelines controlled the calculation of the sentence when it stated during Moye's sentencing hearing that "he is a career offender for sentencing purposes, and that status controls the calculation of the offense level and the criminal history category in this case" and that "[h]is situation does not deviate from the standard situation considered by the Sentencing Commission when the guidelines were formulated." Second, the court indicated that, but for the presentence report which recommended a minimum guideline sentence, it "seriously considered giving [Moye] the maximum sentence, the 235 months, because [Moye] [is] a career offender . . ." This was the Guidelines maximum, however, as the statutory maximum was 40 years (480 months).

Further, when a district court sentences a defendant at the bottom of the Guideline range, resentencing is warranted. *See United States v. Trammel*, 404 F.3d 397, 402–03 (6th Cir. 2005) (under a plain-error analysis, sentence at bottom of Guidelines range is sufficient to entitle defendant to resentencing). In the instant case, the Guidelines range was from 188 to 235 months for count 2 and a mandatory sentence of 60 months for count 3. The district court sentenced Moye to the minimum under the Guidelines. Therefore, Moye's sentence should be vacated and his case remanded for resentencing.

**IV.**

---

[2] When the court sentenced Moye, the Guidelines, including their mandatory nature, had been affirmatively declared by the Supreme Court to be constitutional. *Mistretta v. United States*, 488 U.S. 361, 412 (1989).

*No. 03-4109*
*United States v. Moye*

The government's sole argument on appeal is that, because Moye agreed to be sentenced under the Guidelines, he should be bound by that bargain. The government characterizes Moye's argument as seeking to have his plea declared not to have been knowing and voluntary.

In support of its argument, the government relies on the holding in *United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005), that, when a pre-*Booker* defendant agrees to be sentenced under the Guidelines and waives his right to appeal, that the defendant does not have a tenable appeal based on *Booker* considerations. *Id.* at 465. The holding in *Bradley* was based on the rationale that a defendant can waive his constitutional rights if he so chooses. *Id.*

Moye never waived his right to appeal the sentence. Moye *only* "underst[oo]d that his sentence [would] be imposed pursuant to the Sentencing Reform Act, and the Sentencing Act Guidelines." After Moye was sentenced during a sentencing hearing in which the court explicitly told Moye of his right to appeal the sentence, Moye immediately appealed. During the pendency of his appeal, the Supreme Court issued its *Booker* opinion. While Moye understood that the Guidelines would control his sentence, he did not waive legal arguments related to his sentence, including the argument that his sentence violated the Constitution, or the right to appeal his sentence. Therefore, the government's argument against remand fails. *See United States v. Alford*, --- F.3d ---, 2006 WL 305526, *2 (6th Cir. 2006) (rejecting government's rationale regarding *Bradley* in a similar case, this Court held that "[t]he absence of such a waiver [of appear] is dispositive" and remand for resentencing is proper (citations omitted)); *United States v. Puckett*, 422 F.3d 340, 343 (6th Cir. 2005) ("The mere fact that [the defendant] agreed to be, and was, sentenced pursuant to the Sentencing Guidelines, does not preclude him from raising on appeal an alleged *Booker* error

*No. 03-4109*
*United States v. Moye*

regarding his sentence." (citation omitted)); *United States v. Amiker*, 414 F.3d 606, 607–08 (6th Cir. 2005) (agreement "to be sentenced pursuant to the Sentencing Guidelines," absent an appeal waiver, does not "preclude [a defendant] from raising the *Booker* error on appeal.").

## V.

For the foregoing reasons, we hereby **VACATE** Moye's sentence and **REMAND** for resentencing. Because we reach this holding, we need not address Moye's Sixth Amendment argument.